IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICKEY SCOTT JENSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR *FRANKS* HEARING<br><br><br><br>Case No. 1:12-CR-83 TS |

This matter is before the Court on Defendant's request for a *Franks* hearing.[1] For the reasons stated below, the Court will deny the request.

I.  DISCUSSION

In *Franks v. Delaware*, the Supreme Court held that a defendant may, in certain circumstances, "challenge the truthfulness of factual statements made in an affidavit supporting [a search warrant]."[2] However, a defendant is entitled to an evidentiary hearing under *Franks*

---

[1]Docket No. 15.  Defendant included his *Franks* hearing request in his Motion to Suppress.  As the Motion to Suppress is not fully briefed, this Order will determine only Defendant's request for a *Franks* hearing.

[2]*Franks v. Delaware*, 438 U.S. 154, 155 (1978).

1

only upon making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."[3] Upon such a showing, a defendant must then establish by a preponderance of the evidence at the *Franks* hearing that the false information is indeed the product of the affiant's perjury or reckless disregard for the truth and that without it the affidavit is insufficient to establish probable cause.[4] If the defendant meets this burden, the search warrant "must be voided and the fruits of the search excluded."[5] Notably, the Tenth Circuit has extended the *Franks* framework "to material omissions, as well as affirmative falsehoods."[6]

"To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."[7] After all, the warrant affidavit enjoys a "presumption of validity."[8] Accordingly, the defendant must "point out specifically the portion of the warrant affidavit that is claimed to be false" and offer a "statement of supporting reasons."[9] These allegations should be supported by "an offer of proof"

---

[3] *Id.* at 155–56.

[4] *Id.* at 156.

[5] *Id.*

[6] *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997) (quoting *Stewart v. Donges*, 915 F.2d 572, 582 (10th Cir. 1990)) (internal quotation marks omitted).

[7] *Franks*, 438 U.S. at 171.

[8] *Id.*

[9] *Id.*

in the form of "[a]ffidavits or sworn or otherwise reliable statements of witnesses" or an explanation as to their absence.[10] Then, even upon a showing of perjury or reckless disregard, if the false statements or omissions of which the defendant complains would not alter the probable cause determination, the defendant is not entitled to a *Franks* hearing.[11] "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the 'fair probability that contraband or evidence of a crime will be found in a particular place.'"[12]

In this case, Defendant challenges the following statements in the affidavit:

> During the first week of May 2010, your Affiant used a confidential informant, referred to [as] CI #3, to purchase Methamphetamine from Rickey Jensen who lives at 1781 Gibson Avenue #1. Prior to the buy, your affiant met with CI #3 at a pre-determined location. Your affiant searched CI #3 and didn't find any illegal narcotics or contraband. CI #3 was issued an amount of pre-recorded Strike Force money and an electronic monitoring device. CI #3 went to 1781 Gibson and made in person contact with Rickey Jensen. CI #3 asked Rickey Jensen if they could go to Tyson Bickmore to purchase Methamphetamines.
> Rickey told CI #3 that he hadn't gave [sic] Tyson any to sell that day. CI #3 purchased Methamphetamine from Rickey Jensen who weighed and packaged the Methamphetamines from a larger amount stored in a container inside the house. CI #3 met with your Affiant and turned over the drugs purchased. CI #3 was searched and nothing illegal was found. Your Affiant transported the purchased drugs to OPD to be place[d] into evidence. Your Affiant NIK tested the Methamphetamines purchased and it tested positive for Methamphetamines. The drugs were logged on an evidence sheet and placed into evidence.[13]

---

[10]*Id.*

[11]*Id.*

[12]*United States v. Soderstrand*, 412 F.3d 1146, 1152 (10th Cir. 2005) (quoting *United States v. Rice*, 358 F.3d 1268, 1274 (10th Cir. 2004)).

[13]Docket No. 15 Ex. 1, at 5–6.

Defendant argues that the affiant recklessly omitted material facts thereby leading the magistrate to falsely conclude that police officers had listened to everything that CI #3 said happened, when in fact the officer could not hear the entire conversation as the monitoring equipment was poor and the conversation was garbled. Defendant also argues that the affiant misled the magistrate to believe that CI #3 had been thoroughly searched even though the "search did not include checking under clothing, the genital area, the crack of the buttocks or lifting up any clothing."[14]

> Thus, Defendant claims
>
> that [a] truthful recitation would have stated to the magistrate words to the effect of: 'The CI approached the premises but I could not see which apartment the CI entered. The CI told me after departing the residence that she had purchased methamphetamine from Rickey Jensen in Apartment No. 1. The CI told me that there was a larger amount of controlled substance in Jensen's apartment from which the alleged purchase[] was taken. Finally, I did not search the CI prior [to] the operation though I did have her empty her pockets.'[15]

The Court finds that Defendant has not made a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant."[16]

Further, even if the affiant had recklessly omitted material information such that the affidavit would have to be reworded the way Defendant suggests, those omissions would not change the probable cause determination. As stated, "[a]n affidavit establishes probable cause

---

[14]Docket No. 15, at 4.

[15]Docket No. 15, at 4–5.

[16]*Franks*, 438 U.S. at 155–56.

for a search warrant if the totality of the information it contains establishes the 'fair probability that contraband or evidence of a crime will be found in a particular place.'"[17] In making this determination, a magistrate judge considers an informant's reliability and basis of knowledge.[18]

In this case, CI # 3 had a strong basis of knowledge as he or she purchased methamphetamine directly from Defendant at his residence. As to reliability, CI #3 had been working with the Weber Morgan Strike Force ("Strike Force") for two years and with the affiant for two months as of the date of the affidavit. CI #3 had provided the Strike Force and the affiant with names and phone numbers of suspected narcotic traffickers and had assisted the Strike Force by conducting controlled purchases of illegal narcotics. Finally, CI #3 had provided the affiant with other information that had proven reliable through independent investigation. Considering the totality of the circumstances, this information is sufficient to establish probable cause that contraband would be found at Defendant's residence.

In addition to the paragraphs regarding CI #3's activities, the affidavit also contains a number of other paragraphs that relate information the affiant gained from two other confidential informants. These paragraphs also show that the affidavit contained sufficient information to support a finding of probable cause.

It is therefore

ORDERED that Docket No. 15 is DENIED to the extent that Defendant requests a *Franks* hearing. Defendant's Motion to Suppress (also Docket No. 15) remains outstanding.

---

[17] *Soderstrand*, 412 F.3d at 1152 (quoting *Rice*, 358 F.3d at 1274).

[18] *Illinois v. Gates*, 462 U.S. 213, 233 (1983).

The time between the filing of Docket No. 15 and the date of this Order is hereby excluded for purposes of Speedy Trial Act calculation under 18 U.S.C. §§ 3161(h)(1)(D) & (H).

DATED March 13, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge