IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICKEY SCOTT JENSEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS <br><br><br> Case No. 1:12-CR-83 TS |

This matter comes before the Court on Defendant's Motion to Suppress.[1] Defendant seeks to suppress all evidence obtained as the result of the interrogation of Defendant occurring on or about May 13, 2010, in Weber County, Utah. For the reasons set forth below, the Court will deny Defendant's Motion.

I.  FINDINGS OF FACT

On May 13, 2010, Officer Curtis Ricks, of the Weber Morgan Narcotics Strike Force, along with many other officers from the strike force, executed a warrant on Defendant's residence at 1781 Gibson Avenue #1, Ogden, Utah. Upon entering the residence, the officers

---

[1]Docket No. 15.

1

found Defendant inside and handcuffed him. Defendant was then taken into the kitchen and seated at the table. Officer Ricks approached Defendant and informed him of his *Miranda* rights. Specifically, Officer Ricks told Mr. Jensen that

> he had the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to have an attorney present while being questioned. If you can't afford to hire one, one will be appointed to him. I also told him that he could stop answering questions at any time.[2]

Although Officer Ricks did not necessarily use these exact words, he did communicate to Defendant the substance of his *Miranda* rights. Officer Ricks then asked Defendant if he understood these warnings and Defendant indicated that he did. Officer Ricks then asked Defendant if, with these warnings in mind, he would speak to the police without an attorney. Defendant stated that he was willing to speak to the officers.

Officer Kasey Burrell, who was seated at the kitchen table with Defendant, witnessed this exchange. He listened to the *Miranda* warning given by Officer Ricks and heard him cover each element of the warning. Officer Burrell testified that if he had thought the warning was defective, he would have said or done something to alert Officer Ricks. Officer Burrell also heard Defendant indicate that he was willing to speak to the officers.

## II. DISCUSSION

Defendant's only argument in support of his Motion to Suppress is that he did not receive an adequate *Miranda* warning.

---

[2] Docket No. 40, at 13.

"In *Miranda v. Arizona*, the Supreme Court held that the Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during 'custodial interrogation' without a prior warning."[3]  *Miranda* specifically requires that a suspect

> be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.[4]

Although it is paramount that these four warnings be given, the Supreme Court "has not dictated the words in which the essential information must be conveyed."[5]  "[R]eviewing courts are not required to examine the words employed as if construing a will or defining the terms of an easement.  The inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*."[6]

Defendant argues that there is insufficient reliable evidence for the court to make a finding "as to exactly what was stated" when Officer Ricks recited to Defendant his *Miranda* rights.[7]  Although this may be true, the Court need not determine Officer Ricks' exact words to determine whether the *Miranda* warnings were "reasonably conveyed" to Defendant.  Both Officer Ricks and Officer Burrell testified that *Miranda* warnings were given to Defendant, and

---

[3]*United States v. Cook*, 599 F.3d 1208, 1213 (10th Cir. 2010) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

[4]*Florida v. Powell*, 130 S. Ct. 1195, 1204 (2010) (alterations in original).

[5]*Id.*

[6]*Id.* (alteration in original) (internal citations and quotation marks omitted).

[7]Docket No. 51, at 1.

Defendant has introduced no contrary evidence.  The Court finds the testimony of both police officers to be credible and therefore determines that Defendant received an adequate *Miranda* warning.

As Defendant was made aware of his *Miranda* rights prior to any questioning and there does not appear to be an alternative basis for suppressing the statements he made to the officers, the Court will deny the Motion to Suppress.

### III.  CONCLUSION

Based on the above, it is hereby

ORDERED that Defendant's Motion to Suppress (Docket No. 15) is DENIED.

The time between the filing of Defendant's Motion to Suppress and the date of this Order is hereby excluded for purposes of Speedy Trial Act calculation under 18 U.S.C. §§ 3161(h)(1)(D) & (H).

The Court will set a status conference by separate notice to establish a new trial date.

DATED   May 1, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge