IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>RICKEY SCOTT JENSEN,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXCLUDE PROPOSED EXPERTS AND DENYING MOTION FOR A DAUBERT HEARING<br><br><br>Case No. 1:12-CR-83 TS<br><br>District Judge Ted Stewart |

      The matter before the Court is Defendant Rickey Scott Jensen's Motion in Limine to Exclude Testimony of the Government's Proposed Experts[1] and Motion for a Daubert Hearing.[2] For the reasons explained more fully below, the Court will deny Defendant's Motions.

I. BACKGROUND

      This matter is set for trial to begin on January 8, 2014. On December 20, 2013, the government filed an expert witness notification.[3] In that filing, the government indicated that it intended to call Agent Brandon Beck ("Beck") from the Weber Morgan Narcotics Strike Force, Sgt. Nathan Hutchinson ("Hutchinson") from the Weber County Sheriff's Office, Curtis Ricks ("Ricks"), a police officer who will testify both as a fact witness and an expert, and Kasey Burrell ("Burrell"), a police officer who will also testify both as a fact witness and an expert.

---

[1]Docket No. 114.

[2]Docket No. 112.

[3]Docket No. 104.

1

II.  DISCUSSION

Defendant makes two objections to the government's filing.  First, Defendant argues that the government's filing is untimely under Rule 16 of the Federal Rules of Criminal Procedure.  Second, Defendant argues that the notices do not meet the substantive requirements of Rule 16.

A.  TIMELINESS

The Federal Rules of Criminal Procedure provide that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."[4]  The Federal Criminal Rules of Practice for the District of Utah state that, "[u]nless otherwise ordered by the court, the party obligated to disclose under Fed. R. Crim. P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial."[5]

Here, the government filed its expert witness notification on December 20, 2013, nineteen days before trial, and well within the requirement of the local rules.  Therefore, the Defendant's argument fails on this ground.

B.  ADEQUACY

Defendant also argues that the government's experts should be precluded from testifying because the government's disclosure is inadequate.  The Tenth Circuit has noted that expert discovery in a criminal action is different from that in a civil action.

> A Rule 16 disclosure must contain only a written summary of any testimony and describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  In contrast, an expert's written report in a civil case must

---

[4] Fed. R. Crim. P. 16(a)(1)(G).

[5] DUCrimR 16-1(c).

include not only a complete statement of all opinions the witness will express and the basis and reason for them, and his qualifications, but also all of the data or other information considered in forming the opinion, all summary or supporting exhibits, and the compensation he was paid.[6]

With this framework in mind, the Court will consider the disclosure provided by the government in this case. First, the notice sets out the experts' opinions. For example, Beck, Burrell, Hutchinson, and Ricks will all testify that the "possession of a firearm may aid drug distribution activity."[7]

The experts' qualifications are also stated. For example, Beck is described as "a police officer for over 13 years."[8] Similarly, Hutchinson is described as having been a police officer for thirteen years and as having five years of experience as a strike force agent and supervisor.

Finally, although not stated with ideal clarity, the Court finds that the notice sufficiently states the experts' bases and reasons for their testimony. Those bases and reasons are based on the experts' experiences as police officers and their roles as strike force agents. Therefore, the Court finds that the government's notice is adequate.

C. DAUBERT HEARING

Defendant also seeks to convene a Daubert hearing to determine the admissibility of the proposed expert testimony described above. Defendant seeks the hearing to "determine whether

---

[6]*United States v. Nacchio*, 519 F.3d 1140, 1152 (10th Cir. 2008) (citations and internal quotation marks omitted), *vacated in part on other grounds on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009).

[7]Docket No. 104, at 1–3.

[8]*Id.* at 1.

3

the testimony meets the reliability requirements"[9] of the Federal Rules of Evidence and applicable case law. Defendant accurately describes the Court's responsibility as gate keeper to exclude unreliable expert testimony, but does not explain which of the government's experts are allegedly unreliable or on what basis they are unreliable. The Court will therefore deny Defendant's Motion for a Daubert Hearing without prejudice should Defendant wish to file a motion challenging a specific witness's testimony.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Testimony of Government's Proposed Experts (Docket No. 114) is DENIED. It is further

ORDERED that Defendant's Motion for a Daubert Hearing (Docket No. 112) is DENIED WITHOUT PREJUDICE.

DATED January 2, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[9] Docket No. 112, at 2.

4