IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>RICKEY SCOTT JENSEN,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION IN LIMINE TO ADMIT TESTIMONY OF ATF AGENT KENT OWENS<br><br><br>Case No. 1:12-CR-83 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion in Limine to Admit Testimony of ATF Agent Kent Owens, or, in the Alternative, a Request for a Continuance.[1] For the reasons explained more fully below, the Court will grant the government's Motion to admit the testimony of Agent Kent Owens ("Owens").

I. BACKGROUND

This matter is set for trial to begin on January 8, 2014. On January 2, 2014, the government, having failed to reach a stipulation with Defendant on the manufacturing location of the firearm at issue in this case, filed this motion seeking a preliminary determination that the testimony of Owens is admissible despite untimely notice. Alternately, the government seeks a continuance in order to provide timely notice to Defendant concerning this expert testimony. Defendant objects to the government's Motion.

---

[1] Docket No. 129.

1

## II. DISCUSSION

The Federal Rules of Criminal Procedure provide that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."[2] The Federal Criminal Rules of Practice for the District of Utah state that, "[u]nless otherwise ordered by the court, the party obligated to disclose under Fed. R. Crim. P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial."[3]

Here, the first notice that Owens would testify as an expert came on January 2, 2014, six days prior to trial. There can be no dispute that the government violated Rule 16 and Local Rule 16-1(c) with this untimely disclosure. As a result of this violation, the Court must determine the appropriate remedy. Defendant seeks the exclusion of Owens's testimony completely.

Rule 16(d)(2) of the Federal Rules of Criminal Procedure allows the Court broad discretion in imposing sanctions on a party who fails to comply with a discovery order. It states

> If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.[4]

If the Court concludes that sanctions are appropriate, it should impose the least severe sanction that will accomplish compliance with the Court's discovery orders.[5] The factors the

---

[2] Fed. R. Crim. P. 16(a)(1)(G).

[3] DUCrimR 16-1(c).

[4] Fed. R. Crim. P. 16(d)(2).

[5] *United States v Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999).

Court should consider in determining whether the Court should issue sanctions are "(1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance."[6]

Considering the above-listed factors, the Court concludes that the extreme sanction of precluding Owens is unwarranted. First, there is nothing to suggest bad faith on the part of the government. It is "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[7] Second, the Court finds that there is no prejudice to Defendant in allowing this testimony. "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case."[8] Defendant can make no such claim because he acknowledges that "[a]ny claim that the government ever thought defendant would stipulate to factors surrounding the alleged firearm is false."[9] Defendant knew that an element of Count I requires possessing a firearm in or affecting interstate commerce.

Defendant knew that, absent a stipulation, the government would be required to introduce an expert to establish this element and cannot now claim late notice of such expert caused him prejudice. Because there is no prejudice to defendant, the Court does not consider the last factor, the feasibility of curing prejudice. The Court will permit Owens to testify.

---

[6]*Id.*

[7]*United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

[8]*Id.* at 1250.

[9]Docket No. 132, at 2.

3

Though the trial date is imminent, there is yet time for Defendant to interview Owens if he wishes. The Court will order that the government make Owens available for interview at Defendant's reasonable request no later than 3:00 P.M. on Tuesday, January 7, 2014. Finally, a continuance is unnecessary for the reasons set forth above.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine to Admit Testimony of ATF Agent Ken Owens (Docket No. 129) is GRANTED. Pursuant to the terms of this Order, it is hereby ORDERED that the government make Agent Owens available for interview at Defendant's reasonable request no later than 3:00 P.M. on Tuesday, January 7, 2014.

DATED January 6, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge