IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKEY SCOTT JENSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 1:12-CR-83 TS<br><br>District Judge Ted Stewart |

The matter before the court is Defendant's Motion to Dismiss Count IV of the Indictment. For the reasons stated below, the Court will grant Defendant's Motion.

I. BACKGROUND

On May 13, 2010, police executed a search warrant at the residence of Defendant Rickey Scott Jensen ("Jensen") in Ogden, Utah. The items discovered during the search are the subject of the upcoming trial. The trial in this case was set, after several continuances, for January 8, 2014.

Prior to the January trial date, the government represented to the Court and to Defendant's counsel that it intended to dismiss Count IV of the Indictment, possession of marijuana, apparently because a witness was unavailable for trial. The government submitted a proposed jury verdict form on January 6, 2014, which did not include Count IV of the

1

Indictment.[1]  The parties also submitted stipulated jury instructions that did not include instructions on Count IV.[2]

The Court recently noted that the government's handling of the case left it "disappointed and frustrated."[3]  Some of the government's actions are detailed below.

On January 2, 2014, six days before trial, the government filed a motion in limine to admit testimony of ATF Agent Kent Owens, or, in the alternative, a request for a continuance.[4]  The government moved the Court to allow a late and unnoticed expert to testify in this matter because they failed to reach a stipulation with Defendant as to an element of Count I, requiring possession of a firearm in or affecting interstate commerce.  The Court granted the government's Motion to admit the testimony of the agent.[5]  However, it is worth noting that Defendant stated that the government was on notice that he would not stipulate to the interstate commerce element and should have been aware of the need for an expert.

Also on January 2, 2014, at the final pre-trial conference, the Court became aware the government had failed to fully comply with a discovery order to produce all search warrant affidavits containing information from an individual designated as CI Number 3.[6]  At the hearing, the Court ordered the government to immediately do so.

The Court became aware at this same hearing that the government late-produced eight video tape recordings of the execution of the search warrant of Jensen's residence.  The

---

[1] Docket No. 133
[2] Docket No. 127.
[3] Docket No. 138, at 2.
[4] Docket No. 129.
[5] Docket No. 136.
[6] Docket No. 98.

government admitted that they did not know the videos existed until just before they were produced in late December 2013. Although the Court was troubled that the discovery was provided late, it did not continue the trial.

On January 6, 2014, two days before the previously scheduled trial, the government produced three recorded audio conversations containing possible exculpatory evidence.[7] Because of the late-produced evidence in the case, and in order to allow defense counsel additional time to adequately prepare in light of the late-produced evidence, the Court continued the trial until February 5, 2014, and ordered the government to re-examine all evidence and witnesses and turn over any relevant evidence it may discover during that process.

Now, because of the continuance, the government was able to complete retesting of the marijuana and retain a new witness to testify at trial concerning Count IV. On January 16, 2014, the government advised the Defendant that a new witness was available and the government planned to proceed to trial on Count IV, contradicting the statements it had made to counsel, the Court, and in public filings.

## II. DISCUSSION

"As a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected."[8] Defendants have a due process right to enforce governmental promises.[9] "[R]equiring the government to uphold the agreements into

---

[7] Docket No. 138.

[8] *Johnson v. Lumpkin*, 769 F.2d 630, 633–34 (9th Cir. 1985) (citing *Santobello v. New York*, 404 U.S. 257, 262–63 (1971)).

[9] *Santobello*, 404 U.S. at 267 ("Where the plea bargain is not kept by the prosecutor, the sentence must be vacated and the state court will decide in light of the circumstances of each case whether due process requires . . . specific performance . . . or . . . the option to go to trial on

3

which it enters is a matter of great public interest."[10] "[W]ith respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights—to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government."[11] To be enforceable, typically, the agent must be authorized to make the promise and the defendant must rely to his detriment on that promise.[12]

Caselaw abounds in the context of plea bargaining but is scarce on the exact issue before the Court. In addition to due process concerns, the application of the contractual principle of estoppel has sometimes been applied to agreements between the government and defendants in criminal cases.[13] One court has said,

> Conduct by government prosecutors that in the market place would constitute breach of contract or give rise to promissory estoppel will practically always reflect constitutionally unfair conduct in transactions between sovereign and citizens in matters of liberty and punishment. But the obverse of this does not follow. Just because the elements of express contract or promissory estoppel have not been realized in particular plea negotiations cannot mean conclusively that there has been no unfairness in the constitutional sense.[14]

Here, not only is it important public policy that prosecutors meticulously fulfill their promises but there is an additional complication. Namely, the Defendant should not be put in a

---

the original charges."); *Parson v. Kentucky*, 144 S.W.3d 775, 784 (Ky. 2004) ("*Santobello* arguably could be extended to cover a situation where the defendant has not yet entered the plea, but has relied on the bargain in such a way that a fair trial would no longer be possible.").

[10] *United States v. Romero*, 360 F.3d 1248, 1253 (10th Cir. 2004).

[11] *United States v. Thomson*, 403 F.3d 1037, 1039 (8th Cir. 2005) (quoting *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986)).

[12] *See United States v. Hudson*, 609 F.2d 1326, 1329 (9th Cir. 1979).

[13] *See, e.g.*, *Parson*, 144 S.W.3d at 784.

[14] *People v. Fisher*, 657 P.2d 922, 927 (Colo. 1983) (en banc) (quoting *Cooper v. United States*, 594 F.2d 12, 16 (4th Cir. 1979)).

worse position, and the government a better one, than they would have been in had trial begun on January 8, 2014. The trial was postponed because of the government's conduct. Specifically, its failure to timely disclose potentially exculpatory evidence—something the government is constitutionally required to do.[15] The government's own late production of evidence was the sole reason the trial set for January 8, 2014, had to be postponed. The government, whether under contract principles or due process principles, cannot now be allowed to notice up an expert on Count IV and renege on a promise to dismiss that count.

Although the Court does not solely rely on contract principles, it should be noted that Defendant undoubtedly relied on the government's promise to dismiss Count IV to his detriment. The parties submitted joint jury instructions and a verdict form that did not contain Count IV. Counsel has spent critical weeks believing that the upcoming trial will include only Counts I–III and consequently "closed all trial preparation on this count."[16] We are now only a week away from trial and Defendant is unaware of whether a possession of marijuana charge will be heard at trial. Due process requires a defendant be put on sufficient notice of the charges he faces and be given the appropriate time to prepare. By attempting to proceed at the eleventh hour on what Defendant (and the Court) believed was a dismissed charge, the government threatens to deprive Defendant of his due process rights and threaten the effective administration of justice.

---

[15] *See Brady v. Maryland*, 373 U.S. 83, 86 (1963).

[16] Docket No. 147, at 4.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Count IV of the Indictment (Docket No. 147) is GRANTED. Pursuant to Federal Rule of Evidence 403, all evidence concerning the marijuana allegedly found at Defendant's residence is excluded and the government should so instruct its witnesses.

DATED this 29th day of January, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge